UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFFERY BRINKLEY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:16-cv-152 |
| v. | ) | |
| | ) | Judge Collier |
| MIDLAND FUNDING, LLC and | ) | |
| HOSTO & BUCHAN, PLLC, | ) | Magistrate Judge Shirley |
| | ) | |
| *Defendants.* | ) | |

### M E M O R A N D U M

Before the Court are motions to dismiss filed by Defendant Hosto & Buchan, PLLC ("Hosto") (Doc. 19) and Defendant Midland Funding, LLC ("Midland") (Doc. 20). Plaintiff Jeffery Brinkley has responded in opposition (Docs. 21, 22), and Defendant Midland has responded (Doc. 23). For the reasons expressed below, the Court will **GRANT** Defendants' motions and **DISMISS** Plaintiff's complaint.

## I.    Background[1]

Plaintiff is a resident of Sevier County, Tennessee who used a Chase Bank credit card to purchase items for personal or household purposes. Unfortunately, Plaintiff was unable to make his payments and his account was ultimately sold to a collections agency—Midland. Midland, in turn, hired a law firm, Hosto, to attempt to collect the debt owed by Plaintiff. On November 4, 2011, Hosto filed suit against Plaintiff in Sevier County General Sessions Court on Midland's behalf, seeking recovery of $8,332.86 plus interest and costs. Plaintiff failed to respond, and on July 30, 2012, the state court entered a default judgment in favor of Midland.

---

[1] The essential facts are not in dispute, but to the extent there are any variations in the parties' accounts, the Court interprets the facts in the light most favorable to Plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

On November 6, 2015, Midland, through Hosto, sought and obtained a judgment lien on certain real property owned by Plaintiff in Sevier County by registering a certified copy of the judgment with the Sevier County Register of Deeds. Shortly thereafter, Hosto initiated another attempt to collect Midland's judgment by applying to the state court for an execution levy on Plaintiff's bank. The state court clerk issued a levy of execution and delivered a copy to a county constable, who served it on the Knoxville TVA Employees Credit Union. The constable apparently failed to serve a copy of the levy of execution on Plaintiff. After receiving the levy, the Credit Union deducted $188 from Plaintiff's bank account.

## II.      Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal adequacy of the plaintiff's claim for relief. In ruling on a motion to dismiss, a court must determine, taking as true and construing in favor of the plaintiff all well-pleaded allegations in the complaint, whether the complaint states a plausible claim for relief under the law. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013). The court is not, however, bound to accept as true bare assertions of legal conclusions. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.    Discussion

Plaintiff asserts two novel theories of liability under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*., in his complaint.  First, Plaintiff contends that by filing a certified copy of the judgment with the Sevier County Register of Deeds without altering the judgment to include a statement that the communication was from a debt collector, Defendants violated 15 U.S.C. § 1692e(11), which prohibits debt collectors from communicating with consumers regarding a debt without including such a notice (the "Notice Claim").[2]

Second, Plaintiff contends Defendants' request for an execution levy violated 15 U.S.C. §§ 1692e(5) and (10),[3] as well as 15 U.S.C. § 1692f,[4] in that the execution request form Defendants submitted to the state-court clerk lacked a place for the constable to certify that a copy of the execution had been served on the judgment debtor.  Plaintiff argues this omission led the constable to fail to serve Plaintiff, the lack of service deprived Plaintiff of his due-process right to receive notice of an execution, and that lack of notice prevented Plaintiff from moving to quash the execution and assert any applicable property exemptions.  Plaintiff argues that by facilitating this unlawful action, Defendants' request for execution constituted a threat to take

---

[2] This section, in relevant part, prohibits debt collectors from: "failing to disclose in subsequent communications [with the consumer] that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11).

[3] These sections prohibit debt collectors from: "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" and "us[ing] . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(5), (10).

[4] This section, in relevant part, prohibits debt collectors from: "us[ing] unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §§ 1692f.

action that could not legally be taken, use of a false representation in the collection of a debt, and an unfair or unconscionable means of collecting a debt (the "Service Claim").

Defendants argue that neither theory of liability is viable and Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Defendants submit Plaintiff's Notice Claim fails for at least three reasons. First, Defendant argues that under Tennessee law, a judgment creditor seeking to create a judgment lien is required to file a "certified copy" of the court judgment; in other words, a judgment creditor is not permitted to alter the copy of the judgment by including a statement that it is from a debt collector. If Plaintiff's theory is correct, Defendants argue, it would leave judgment creditors who are also debt collectors no way to create an enforceable judgment lien without violating the FDCPA. Second, Defendants argue that the recordation of a judgment with the county register of deeds is not a "communication from a debt collector," as required by Section 1692e(11), but is instead a communication from the issuing court. Finally, Defendants argue that the act of recording a judgment is not a communication with a consumer—namely, Plaintiff—but rather constitutes a communication with a third-party: the Sevier County Register of Deeds.

Regarding Plaintiff's Service Claim, Defendants again assemble three reasons the claim should fail. First, Defendants contend the execution request form they submitted to the clerk not only complied with Tennessee statutory requirements, but is actually required by the Sevier County General Sessions Court. As such, they contend, use of the form in and of itself cannot have constituted an unlawful, deceptive, or unconscionable debt-collection attempt. Second, Defendants argue they are not vicariously liable for any failing on the part of the constable to serve Plaintiff with a copy of the execution levy. Defendants submit the constable is a county official who was engaged by the state-court clerk to serve process on Plaintiff, and they had no

control over the conduct or activities of the constable. Finally, Defendants argue that the right to assert property exemptions or to file a motion to quash is predicated upon Plaintiff having exercised his exemption rights prior to the issuance of the execution. Because Plaintiff waived his right to claim property exemptions by failing to assert that right previously, Defendants argue he suffered no prejudice from the failure to receive service of a copy of the execution.

Plaintiff's arguments, while creative, lack legal merit. The Court turns first to Plaintiff's Notice Claim. One of the primary reasons Congress enacted the FDCPA was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e)). To target these abusive practices, the FDCPA imposes a number of requirements on communications by debt collectors to consumers concerning debt-collection attempts. *See* 15 U.S.C. § 1692e (prohibiting the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and providing a non-exhaustive list of sixteen specific proscribed practices). Among those requirements is an affirmative prescription that debt collectors include a notice in all of their communications with consumers regarding a debt that the communication is "from a debt collector." 15 U.S.C. § 1692e(11).

Plaintiff's Notice Claim hinges on the premise that recording a certified copy of a judgment constitutes a "communication . . . from a debt collector." *See* 15 U.S.C. § 1692e(11). At least two elements of this premise are met: the certified copy of the judgment would appear to constitute a "communication" under the FDCPA, which defines the term broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). And there is no dispute Defendants qualify as "debt collectors" under the FDCPA.

But the third element—that the communication be *from* a debt collector—is not. The certified copy of the judgment is not a communication *from* Defendants. Rather, it communicates information from the Sevier County General Sessions Court. *Cf. Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013) ("Trial courts, as a general matter, speak through their orders and judgments."). The act of recording the judgment is nothing more than the formal publication of that communication by the court to the world at large. *See* Tenn. Code Ann. § 66-26-102 (properly recorded instruments, including judgments, "shall be notice to all the world"). This ministerial act does not somehow transmute the judgment from a communication from the court into a communication from the filing party.

In fact, altering the judgment to include language stating it is a communication from a debt collector would actually convey the false message that the judgment originated with Defendants, rather than a duly authorized court of law. Requiring the inclusion of Section 1692e(11)'s "debt-collector" notice on such a document might thus have the perverse effect of misleading consumers as to the origin of the document. This is surely not what Congress had in mind when it set out to eliminate abusive and deceptive debt collection practices. The Court concludes that the recordation of a certified copy of a validly obtained state-court judgment is simply "not the type of communication Congress sought to bar within the scope of § 1692e(11)." *See Cohen v. Beachside Two-I Homeowners' Ass'n*, No. CIV. 05-706 ADM/JSM, 2006 WL 1795140, at *10 (D. Minn. June 29, 2006). As such, Plaintiff's Notice Claim must be dismissed for failure to state a claim.

Plaintiff's Service Claim fares no better. Plaintiff contends that Defendants, either by using an execution-request form lacking a return for the constable to sign showing he timely

served Plaintiff or by failing to affirmatively ensure the constable fulfilled his duty to serve Plaintiff, availed themselves of an unlawful process, and thus violated the FDCPA.

To state the argument is nearly to refute it.  Plaintiff does not contend the form Defendants used violated state law; he simply contends it could have been better designed.  This, of itself, does not constitute either a deprivation of due process or a violation of the FDCPA.  As such, the only possible violation Plaintiff identifies is the county constable's alleged failure to serve a copy of the execution levy on Plaintiff.  As Defendants persuasively argue, however, and assuming (as the Court must) the constable was derelict in his duty and failed to provide a copy of the execution to Plaintiff, that failure is not attributable to Defendants.  Courts have held that a debt collector can be vicariously liable for the actions of its agent in accord with the traditional principles of agency law, but only where the principal exercised control over the conduct or activities of the agent.  *See, e.g.*, *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006); *Byrd v. Law Offices of John D. Clunk Co., LPA*, No. 1:09-CV-076, 2010 WL 816932, at *7–9 (S.D. Ohio Mar. 8, 2010).

Here, there is no allegation Defendants exercised control over the conduct or activities of the county constable in effecting, or failing to effect, service on Plaintiff.  In fact, Plaintiff seems to allege the opposite: that it is the clerk of court's responsibility to "cause necessary copies of the execution to be delivered for service to the person authorized to serve process," and that "[a] private process server . . . may *not* serve a levy of execution . . . or any process in connection with an execution."  (Doc. 13 at 5–6, Am. Compl. ¶ 29 (emphasis added).)  Absent some means of holding Defendants responsible for the constable's actions or inactions, Plaintiff cannot state a claim against Defendants for violation of 15 U.S.C. §§ 1692e(5), 1692e(10), or 1692f.

**IV.** **Conclusion**

Having found Plaintiff's claims to be entirely without merit, the Court will **GRANT**

Defendants' motions to dismiss (Docs. 19, 20) and **DISMISS** Plaintiff's complaint.

**An appropriate Order shall enter.**


_/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**